**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME AND ONE E-MAIL ACCOUNT SERVICED BY NAMECHEAP, INC. | ML No. 19-1321 |

*Reference:*     *DOJ Ref. # CRM-182-70569; Subject Account(s): teamplan-gmbh.com and horst.toesch@teamplan-gmbh.com*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, Switz.-U.S., May 25, 1973, 27 U.S.T. 2019 (hereinafter, the "Treaty"), to execute a request from the Swiss Confederation ("Switzerland"). The proposed Order would require NameCheap, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Los Angeles, California, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the domain teamplan-gmbh.com and the e-mail account horst.toesch@teamplan-gmbh.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.     PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Treaty art. 9(3) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Switzerland's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Switzerland in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Switzerland are investigating an unknown individual for fraud offenses, which occurred from February 2019 until June 2019, in violation of the criminal law of Switzerland, specifically, Article 146 of the Swiss Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Switzerland to provide the requested records to assist in the criminal investigation. Under the Treaty, the United States is obligated to render assistance in response to the request.

6.      According to authorities in Switzerland, on February 27, 2019, an unknown individual (the "suspect") used the e-mail account horst.toesch@teamplan-gmbh.com to contact a Swiss public works company (the "victim company"). In the e-mail, the suspect purported to work for a company with whom the victim company had a business relationship ("company A"). The domain name used by the suspect, teamplan-gmbh.com, used part of company A's actual

name.  The February 27, 2019, e-mail indicated that company A's bank account information had changed, and provided new bank account information.  As a result, the victim company changed the bank account information associated with company A in their records.

7.      On April 16, 2019, the victim company received a legitimate invoice from company A.  In response to the invoice, on May 3, 2019, the victim company made a payment in the approximate amount of CHF 89,137 (approximately USD 91,161) to the bank account designated by the suspect's February 27, 2019 e-mail.

8.      On June 4, 2019, the victim company received another e-mail from the suspect, who again used the e-mail account horst.toesch@teamplan-gmbh.com, claiming that company A had changed its bank account information again.  No additional payments were made by the victim company to the new bank account designated by the suspect.

9.      The domain teamplan-gmbh.com and the e-mail account horst.toesch@teamplan-gmbh.com are serviced by PROVIDER.  As a result, Swiss authorities seek records from PROVIDER in an effort to locate and identify the suspect as well as to determine the nature and scope of the suspect's criminal activities.

## **REQUEST FOR ORDER**

10.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Switzerland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items

described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                                            Respectfully submitted,

                                            VAUGHN A. ARY
                                            DIRECTOR
                                            OFFICE OF INTERNATIONAL AFFAIRS
                                            OK Bar Number 12199

By: _____
                                            Martyna Pospieszalska
                                            Trial Attorney
                                            NY Bar Number 5018528
                                            Office of International Affairs
                                            Criminal Division, Department of Justice
                                            1301 New York Avenue, N.W., Suite 800
                                            Washington, D.C.  20530
                                            (202) 598-8012 telephone
                                            (202) 514-0080 facsimile
                                            Martyna.Pospieszalska@usdoj.gov

# Relevant Provision of the Swiss Criminal Code

**Art. 146 Fraud**

(1) Any person who with a view to securing an unlawful gain for himself or another willfully induces an erroneous belief in another person by false pretenses or concealment of the truth, or willfully reinforces an erroneous belief, and thus causes that person to act to the prejudice of his or another's financial interests, is liable to a custodial sentence not exceeding five years or to a monetary penalty.

(2) If the offender acts for commercial gain, he is liable to a custodial sentence not exceeding ten years or to a monetary penalty of not less than 90 daily penalty units.

(3) Fraud to the detriment of a relative or family member is prosecuted only on complaint.